FIRST NATIONAL BANK OF TEXARKANA v. EUBANKS & WEVER.

(No. 3519.)

APPEAL from Bowie County.    Opinion by WILLSON, J.

TOLBERT & TOLBERT, counsel for appellants.

TODD & HUDGINS, counsel for appellee.

§ 170. *Promissory note; place of payment of; facts held to authorize demand of payment at another place; damages for protest of.* Appellees recovered judgment against appellant for $195 damages for the alleged illegal protest of their promissory note. It appears from the evidence that on September 28, 1886, appellees, at Texarkana, Texas, executed their promissory note for $100, payable to the North Star Iron Works Company on November 1, 1887, at the Citizens' Bank of Texarkana, Texas. Before said note fell due said Citizens' Bank had failed, and ceased to do business, and was not doing business when said note fell due, and its former place of business was closed and was unoccupied. When said note fell due appellant presented the same at its own bank for payment, that being the only bank doing business in Texarkana, and caused the same to be protested. Said note was indorsed by Charles Wilkerson. At the time said note fell due, the makers thereof, appellees, did not reside or do business in Texarkana, but resided in another

town distant twenty-two miles from Texarkana. The indorser, Wilkerson, resided in Texarkana. Appellees' claim for damages is based upon the proposition that the protest of the note was wrongful and illegal, because it was not presented legally for payment. We are of the opinion that the protest was not wrongful or illegal. The Citizens' Bank having ceased to do business, and its place 'of business being closed, demand of payment could not be made there. For the purpose of such demand appellant bank was the successor of the Citizens' Bank, there being no other bank in Texarkana. We think the demand and protest were legal. [1 Daniel, Neg. Inst., § 657; 2 Daniel, Neg. Inst., § 1119.] This being our view of the controlling question in the case, and holding, as we do, that appellees have no cause of action for damages against appellant because of said protest, the judgment is reversed and the suit is ordered to be dismissed.

November 12, 1890.          Reversed and dismissed.